UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE SMITH,<br><br>       Plaintiff,<br><br>    v.<br><br>ANTHONY FOXX, SECRETARY, DEPARTMENT OF TRANSPORTATION,<br><br>       Defendant. | No. 2:13-cv-0471 JAM CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant's motion to dismiss is pending before the court. The matter was submitted on the papers. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims arising out of her employment as an air traffic controller. Plaintiff asserts claims for employment discrimination, reprisal for participation in protected EEO activity, failure to accommodate plaintiff's disability of high blood pressure, defamation and perjury. Defendant moves to dismiss for lack of subject matter jurisdiction plaintiff's tort claims for defamation and perjury and plaintiff's claim under the Rehabilitation Act for failure to accommodate plaintiff's disability of high blood pressure.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific

1

claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

Defendant moves to dismiss plaintiff's tort claims, contending these claims are barred because plaintiff failed to present an administrative tort claim to the FAA.[1] The Federal Torts Claims Act ("FTCA") provides the exclusive remedy for torts committed by federal employees, as alleged in this action. 28 U.S.C. § 1346 (b)(1); see Pereira v. U.S. Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992) (FTCA provides waiver of sovereign immunity only if such torts committed by private person would have given rise to liability under state law). Under the FTCA, an aggrieved party must timely file an administrative claim with the appropriate federal agency before commencing litigation against the United States. See Blain v. United States, 552 F.2d 289 (9th Cir. 1977); 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b) (tort claim against United States barred unless presented in writing to appropriate Federal Agency within two years after claim accrues). This requirement is jurisdictional and cannot be waived. Marley v. United States, 548 F.3d 1286, 1287 (9th Cir. 2008); see also Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (exhaustion requirement jurisdictional and must be interpreted strictly).

/////

---

[1] Defendant asserts three additional grounds for dismissal of the tort claims, all of which appear to be well taken. However, plaintiff's failure to present an administrative claim is dispositive and the court need not reach defendant's additional arguments.

The declaration submitted by defendant in support of the motion to dismiss establishes that plaintiff never presented an administrative tort claim. Garcia Decl. ¶ 4. In opposition to the pending motion, plaintiff does not contest defendant's argument and presents no evidence that she timely presented a claim. The motion to dismiss plaintiff's tort claims for defamation and perjury should therefore be granted.

Defendant also moves to dismiss plaintiff's claim under the Rehabilitation Act for failure to accommodate plaintiff's disability of high blood pressure. Defendant contends this claim should be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust this claim through the EEO process. Exhaustion of administrative remedies is a precondition to filing suit under section 501 of the Rehabilitation Act. See Boyd v. United States Postal Serv., 752 F.2d 410, 412-413 (9th Cir. 1985) (exhaustion of administrative remedies required ). To exhaust administrative remedies, plaintiff must first contact and consult with an EEO counselor at the agency within 45 days of the allegedly discriminating action. Cherosky v. Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003). After this consultation, the plaintiff must then file a formal complaint of discrimination with the agency. 29 C.F.R. §§ 1614.105(d), 1614.106(b). Although plaintiff filed an EEO complaint based on sex discrimination and reprisal in April 2004, she did not file an EEO complaint for failure to accommodate a disability. LaDuke Decl. ¶ 4.

In opposition, plaintiff contends that she pursued her discrimination claims through the grievance procedure provided under her union contract and that she requested reconsideration by an Employee's Compensation Appeals Board of the determination made in that grievance procedure. See 5 U.S.C. § 7121(d) (federal employee who alleges employment discrimination must elect to pursue claim under either a statutory procedure or a union-assisted negotiated grievance procedure; cannot pursue both avenues and election irrevocable). Plaintiff's decision here to pursue her discrimination claim under the grievance procedure is irrevocable. See Vinieratos v. Air Force, 939 F.2d 762, 768-769 (9th Cir. 1991). To exhaust administrative remedies through the negotiated grievance procedure, plaintiff must take the decision resulting from the grievance procedure to the Merit System Protection Board ("MPSB") before seeking judicial review. See AFGE v. Reno, 992 F.2d 331, 333-336 (D.C. Cir. 1993); 5 U.S.C. § 7703.

Plaintiff adduces no evidence that she has exhausted the negotiated grievance by taking the grievance decision to the MPSB.  Plaintiff has therefore failed to establish this court has subject matter jurisdiction over plaintiff's Rehabilitation Act claim for failure to accommodate plaintiff's disability of high blood pressure.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 14) be granted;

2. Plaintiff's tort claims for defamation and perjury and disability accommodation claim under the Rehabilitation Act be dismissed for lack of subject matter jurisdiction;

3. Plaintiff be granted thirty days after adoption of these findings and recommendations to file an amended complaint that does not include the claims dismissed for lack of subject matter jurisdiction.  Each allegation in the First Amended Complaint should be separately numbered in accordance with Federal Rule of Civil Procedure 10(b); and

4. Defendant be granted thirty days to respond to the First Amended Complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 22, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 smith-foxx0471.mtd